IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PAMELA PAPUCCI, | : |
| *Plaintiff*, | : Case No. 1:21-cv-280 |
| vs. | : Judge Jeffery P. Hopkins |
| A. RAY BROWN FAMILY INVESTMENT LP d/b/a RAY BROWN PROPERTIES, *et al.*, | : |
| *Defendants*. | : |

## OPINION & ORDER

Plaintiff Pamela Papucci ("Plaintiff") has sued Defendant Ray Brown Family Investment LP ("Defendant") alleging violations of the Fair Credit Reporting Act. At the heart of her complaint, Plaintiff alleges that after offering her an administrative office management and data entry position (and her acceptance), Defendant rescinded that offer based on erroneous information contained in a background check. Plaintiff further alleges that Defendant failed to provide mandatory pre-adverse action disclosures or any meaningful opportunity for her to correct the error reported in the background check.

At present, however, the Court is not concerned with the allegations underlying this dispute. Rather, our focus here is on Plaintiff's request for sanctions and costs associated with a deposition that Defendant failed to attend. As explained below, Plaintiff's Motion for Sanctions and Costs (Doc. 31) is **GRANTED IN PART**.

### I. BACKGROUND

On July 8, 2022, Plaintiff served Defendant with a Notice of Deposition under Fed. R. Civ. P. 30(b)(6). Doc. 31, PageID 159. The deposition was scheduled for July 29, 2022. *Id.*

As of July 25, Defendant had failed to confirm its intention to be present at the upcoming deposition, so Plaintiff's counsel reached out to Defendant's counsel to confirm that Defendant was going to appear for the July 29 deposition. *Id.* at PageID 159–60. At Defendant's request, the parties agreed to reschedule the deposition for September 8. *Id.* at PageID 160. Then, only days before the rescheduled date, Defendant's counsel again sought to reschedule the deposition—this time for September 22. When Plaintiff's counsel reached out to Defendant's counsel to set a time for the September 22 deposition, Defendant's counsel responded that he needed to confer with his client. *Id.* Several days passed but Plaintiff's counsel never heard back from Defendant. Thus, Plaintiff chose a start time of 10:00 a.m., while inviting Defendant to propose an alternative time if necessary. *Id.* at PageID 160–61. On September 19, two days before the scheduled deposition, Plaintiff served Defendant with an amended Notice of Deposition to reflect the new date and time. *Id.* Having received no reply or objection from Defendant, Plaintiff retained a court reporter for September 22 to record the deposition. *Id.* at PageID 161.

Two days before the now twice-rescheduled deposition, however, Defendant's counsel contacted Plaintiff's counsel via email and informed them that he "believed" he had been fired by Defendant. *Id.* He stated that he had heard this information from a third party, and that he would advise Plaintiff accordingly after confirming his representation of Defendant. *Id.* However, Defendant's counsel did not provide any further updates, nor request a rescheduling of the deposition. *Id.*

Believing that the deposition would proceed as scheduled, Plaintiff's counsel and the court reporter arrived at the deposition on September 22. *Id.* Defendant and his counsel failed

2

to appear. *Id.* Plaintiff now requests that this Court impose sanctions and costs against Defendant for this failure to appear.

## II. LAW & ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure permits a court to impose sanctions if "a party or a party's officer, director, or managing agent… fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). To that end, if the court finds that sanctions for failure to appear are appropriate, the court must order the sanctioned party to "pay the reasonable expenses, including attorney's fees, caused by the failure [to appear], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The disobedient party bears the burden of showing that their failure to appear was substantially justified. *Taylor v. Hart*, 1:02-cv-446 2007 WL 869721, at *1 (S.D. Ohio March 20, 2007) (citing *Gen. Envtl. Sci. Corp. v. Horsfall*, Nos. 92-4110 to 92-4114, 1994 WL 228256, at *14 (6th Cir. May 25, 1994)).

There are four factors relevant to determining whether to impose sanctions under Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to sanctions; and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). The Court will consider each of these factors in turn.

First, the Court finds that Defendant's failure to appear at the deposition was willful and reflective of bad faith. *See e.g.*, *TERA II, LLC v. Rice Drilling D, LLC*, 2:19-cv-2221, 2022 WL 34397, at *4 (S.D. Ohio Jan. 4, 2022) (plaintiff's last-minute notice to defendant that plaintiff would not attend a deposition was willful). Plaintiff's counsel made repeated, good-

faith efforts to coordinate the date and time of the deposition with Defendant's counsel via email. In response, Defendant's counsel provided vague and non-committal answers, such as "I'll let you know," *see* Doc. 31-1, PageID 175, or that he needed to confer with his client, *see* Doc. 31-1, PageID 204. Defendant's counsel then failed to meaningfully follow up. After a pattern of evasive and inadequate communication regarding scheduling of the deposition, Defendant ultimately failed to ensure its appearance, or otherwise provide notice that it would not attend the deposition. Fault, here, therefore lies with Defendant. Defendant tries to redirect blame by arguing that Plaintiff failed to serve a valid Notice of Deposition and subsequently identify the areas of examination. Doc. 33, PageID 239. But this is factually incorrect. Both the initial and amended Notices of Deposition were validly issued and properly identified the manner in which the deposition would be conducted and the areas for examination. Doc. 31-2, PageID 213–14; Doc. 31-3, PageID 217–18.

Defendant fares no better with the second and third factors. Plaintiff was prejudiced when Defendant failed to appear for the September 22 deposition. *See e.g.*, *Merz. v. Cincinnati Senior Care, LLC*, 1:14-cv-297, 2014 WL 6901720, *2 (S.D. Ohio Dec. 5, 2014) (finding that the defendant was prejudiced when the plaintiff failed to appear at a properly noticed deposition). Defendant does not contest that it was warned, or at the very least aware, that failure to cooperate could lead to sanctions. Plaintiff retained the services of a court reporter and was required to pay $436.72 for those services despite Defendant's non-appearance. Doc. 31-1, ¶ 20; Doc. 31-1, PageID 209. Plaintiff's counsel traveled to, and appeared for, the deposition. Doc. 31-1, PageID 211. And because of Defendant's non-appearance, Plaintiff's counsel has had to prepare the instant motion. Doc. 31-1, ¶ 21; Doc. 31-5, Ex. A.

With this in mind, the Court finds that Defendant's failure to appear for the noticed deposition was not substantially justified. Plaintiff deserves to be compensated for the wasted expense, and this cannot be accomplished by anything except an award of reasonable costs. *TERA II,* 2022 WL 34397, at *5. Plaintiff is therefore entitled to reasonable costs and expenses stemming from Defendant's failure to appear. The Court declines, however, to award Plaintiff's counsel the entire amount sought because the Court finds an award of $20,145.00 to be unreasonable based on these facts. *See Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 431 (6th Cir. 2013) (explaining that the district court enjoys discretion under Rule 37 in deciding whether to award sanctions and in what amount).

In determining reasonable attorneys' fees under Rule 37, courts typically employ the "lodestar method"—that is, the calculation of hours reasonably expended multiplied by a reasonable rate. *See Watkins & Son Pet Supplies v. Iams Co.*, 197 F. Supp. 2d 1030, 1032–33 (S.D. Ohio 2002) (citing cases). Plaintiff alleges that her attorney expended around 56.02 hours preparing for the deposition, traveling to and from the location, appearing for the deposition, and preparing and filing the instant motion. The Court finds this to be unreasonable—especially the number of attorneys and hours spent preparing the instant motion. Additionally, not all the time spent has been wasted. Plaintiff's counsel will be able to take Defendant's deposition later and can, by and large, rely on earlier preparation.

The Court therefore finds a modified award to be reasonable, and orders Defendant to pay Plaintiff as follows: (1) $436.72 in fees and costs owed for court reporter services, (2) $595.00 to Attorney Adanalian for 1.7 hours spent traveling to/from and attending the September 22 deposition at a reasonable rate of $350.00 per hour, (3) $700.00 to Attorney Adanalian for 2.0 hours spent preparing and filing the instant motion, (4) $325.00 to Attorney

5

Cohn for 1.0 hour spent preparing the instant motion at a reasonable rate of $325.00 per hour, and (5) $360.00 to Attorney Kremer for 1.0 hour spent preparing the instant motion at a reasonable rate of $360.00 per hour.[1]

### III. CONCLUSION

For these reasons, Plaintiff's Motion for Sanctions and Costs (Doc. 31) is **GRANTED IN PART**. The Court agrees that monetary sanctions are appropriate but declines to award the full amount requested. Defendant is ordered to pay (1) $436.72 in fees and costs owed for court reporter services, (2) $1,295.00 to Attorney Adanalian, (3) $325.00 to Attorney Cohn, and (4) $360.00 to Attorney Kremer within 28 days of this Opinion and Order.

**IT IS SO ORDERED.**

February 26, 2025

Jeffery P. Hopkins
United States District Judge

---

[1] The Court understands that attorney Kremer has since left the Taft law firm. The Court's Order stands as to the imposition of sanctions against Defendant and payment of attorney's fees, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i). It will be incumbent upon the Taft law firm to properly apply and distribute payment of the fees awarded in this case to the appropriate attorney or law firm as is required by any agreements and in compliance with the Ohio Rules of Professional Conduct, adopted by the Supreme Court of Ohio and governing the practice of law by attorneys before this Court.